**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1234**

ROBERT A. CASERO, JR.; CATHERINE MARY HATTENBURG,

             Plaintiffs - Appellants,

     v.

CHICAGO TITLE INSURANCE COMPANY; FIDELITY NATIONAL TITLE
GROUP, INC.,

             Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
George L. Russell, III, District Judge. (1:17-cv-02165-GLR)

Submitted: November 30, 2018            Decided: December 11, 2018

Before WILKINSON, KING, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Francis J. Collins, KAHN, SMITH & COLLINS, P.A., Baltimore, Maryland, for
Appellants. Yona E. Cohen, FIDELITY NATIONAL LAW GROUP, Vienna, Virginia,
for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Appellants, Robert A. Casero, Jr. and Catherine Mary Hattenburg, appeal the district court's orders granting the Appellees' motion to dismiss the complaint and denying reconsideration. The complaint sought a declaratory judgment that the Appellees had a duty under a title insurance policy to defend and indemnify the Appellants from various claims asserted by their neighbors. The Appellants assert several assignments of error on appeal. For the reasons that follow, we affirm.

"We review a district court's ruling on a motion to dismiss de novo." *Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 423 (4th Cir. 2018). "On review, we must assume all well-pled facts to be true, and draw all reasonable inferences in favor of the plaintiff." *Id.* (internal quotation marks omitted). Under Maryland law, which is applicable here, in determining whether an insurer has a duty to defend, a court must determine the coverage under the terms of the policy and determine whether the allegations in the underlying complaint bring the claim within the policy's coverage. *Capital City Real Estate, LLC v. Certain Underwriters at Lloyd's London*, 788 F.3d 375, 379 (4th Cir. 2015); *see also Back Creek Partners v. First Am. Title Ins. Co.*, 75 A.3d 394, 399 (Md. Ct. Spec. App. 2013) (tile insurer's duty to defend depends on (1) scope of policy's coverage, and (2) whether allegations in the complaint bring the claim within that coverage). This inquiry focuses on the language and requirements of the policy and the allegations of the underlying suit; the facts ultimately proven in the underlying litigation have no bearing on an insurer's duty to defend. *See Capital City*, 788 F.3d at 379; *see also Back Creek*, 75 A.3d at 399-400.

2

With respect to the second part of the inquiry, a court determines whether there is any potentiality of coverage, i.e. whether the allegations in the complaint could possibly give rise to coverage under the policy. *Capital City*, 788 F.3d at 381; *see also Perdue Farms, Inc. v. Travelers Cas. & Surety Co. of Am.*, 448 F.3d 252, 257 (4th Cir. 2006) (duty to defend broader than duty to indemnify and arises when allegations of complaint demonstrate any claim potentially covered by policy). "[W]here a potentiality of coverage is uncertain from the allegations of a complaint, any doubt must be resolved in favor of the insured." *Capital City*, 788 F.3d at 381 (internal quotation marks omitted). We have thoroughly reviewed the record and the relevant legal authorities and conclude that the district court did not err in concluding that, based on the allegations of the underlying complaint, there was no potentiality of coverage under the policy. Therefore, the Appellees had no duty to defend the Appellants in the underlying suit. We also conclude that the Appellants' remaining assignments of error are without merit.

Accordingly, we affirm the district court's orders and deny the Appellees' motion for leave to file a surreply brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*